■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAVERIO LATIN, Appellant.—Judgment unanimously reversed on the law and new trial granted. Same memorandum as in *People v AJS Merchandising* (162 AD2d 990 [decided herewith]). (Appeal from judgment of Niagara County Court, DiFlorio, J. —obscenity, third degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WANZO WALLACE, Appellant.—Judgment unanimously reversed on the law and new trial granted. Same memorandum as in *People v AJS Merchandising* (162 AD2d 990 [decided herewith]). (Appeal from judgment of Niagara County Court, DiFlorio, J.—obscenity, third degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.

■ JOHN ZAMBOTTI, Respondent, v CHARLES READING, Defendant, and BLACK & DECKER (U.S.), INC., et al., Appellants.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff brought this action for personal injuries, alleging in his complaint that a circular saw manufactured by defendant Black & Decker and sold by defendant Weiss Hardware "kicked back" and cut off the tip of his thumb.

In support of their motion for summary judgment, defendants submitted the affidavit of an expert in electrical engineering employed by defendant Black & Decker, who swore that he had performed a detailed examination of the circular saw used by plaintiff. He stated that his examination and testing of the saw and blade showed them to function normally and revealed no evidence of any design defect, manufacturing defect, or other malfunction or defect; that the blade guard rotated freely without any restriction of movement and, when released from the fully retracted position, the guard closed quickly with no hesitation or interference; that the saw ran smoothly at the acceptable rate of 5,100 RPM; and that the saw that he inspected was manufactured according to the accepted industry standards at the time of manufacture. He attached to his affidavit a copy of the industry standards.

In opposition to the motion, plaintiff submitted an affidavit stating that he was using the saw as intended and that the saw kicked back and injured him.

Supreme Court denied defendants' motion for summary judgment stating that the affidavit submitted by defendants was "merely a self-serving document prepared by an employee of the defendant [Black & Decker]" and that plaintiff created